FILED
LODGED
RECEIVED
MAIL

OCT 10 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY
BY

# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| *In re: Lyft, Inc. Passenger Sexual Assault Litigation* | ) ) ) ) | MDL Docket No. _____ |

---

## MOTION OF PLAINTIFF FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiff J.E. ("Movant")[1] respectfully moves the Judicial Panel on Multidistrict Litigation ("Panel") pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Panel, to transfer the actions listed in the attached Schedule of Actions and all subsequent tag-along actions to the United States District Court for the Northern District of California, for coordinated or consolidated proceedings before the Honorable Charles R. Breyer, or, in the alternative, to the United States District Court for the Western District of Washington. Movant also contemporaneously submits her Memorandum in support of this motion, incorporated herein by reference, setting forth the reasons for centralization and transfer.

Dated: October 6, 2025

Respectfully submitted,

*/s/ Samantha Hoefs*
Samantha Hoefs
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 445-0202
Facsimile: (202) 297-7297
Email: shoefs@nighgoldenberg.com

*Counsel for Movant J.E.*

---

[1] Movant is the named plaintiff in one of the first filed cases filed in this matter, which is presently pending in the United States District Court for the District of Maryland.

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| *In re: Lyft, Inc. Passenger Sexual Assault Litigation* | ) ) ) ) | MDL Docket No. _____ |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF
ACTIONS UNDER 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS**

Under 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States

Judicial Panel on Multidistrict Litigation ("Panel"), Plaintiff J.E. ("Movant")[1] respectfully submits

this Memorandum of Law in support of her petition for transfer and coordination for pretrial

purposes of all actions identified in the Schedule of Actions (the "Actions"), as well as any cases

subsequently filed involving similar facts or claims, to the United States District Court for the

Northern District of California, or in the alternative to the United States District Court for the

Western District of Washington.

At the time of filing, there are currently at least 17 actions filed by various law firms in 10

different federal judicial districts in the United States, in front of at least 13 different judges. Each

plaintiff alleges that they downloaded the same mobile application, were subject to the same

corporate policies, and suffered the same kinds of injuries (sexual assault) at the hands of Lyft

drivers resulting from the same or similar wrongful conduct by Defendant Lyft, Inc. ("Lyft").

Given the nationwide use of Defendant's product and related transportation services, and the

hundreds of sexual assaults publicly reported involving Defendant's mobile application each year,[2]

---

[1] Movant is the named plaintiff in *J.E. v. Lyft, Inc. et al.*, 1:25-cv-02786-JRR presently pending in
the United States District Court for the District of Maryland. Movant filed under a pseudonym to
protect her anonymity. *See* Ex. G.
[2] *See, e.g.,* Lyft, Inc. Safety Transparency Report (2020–2022), at 12,

it is likely that hundreds or thousands of additional actions will continue to be filed in federal courts throughout the United States. Transfer for consolidation and coordination is proper because each of these actions and tag-along cases arise out of the same or similar nucleus of operative facts and alleged wrongful conduct by Lyft and will involve substantially similar discovery as the parties work to resolve the same or similar questions of fact and law.

## BACKGROUND

Lyft is a transportation and technology company headquartered in San Francisco, California. Lyft operates a mobile application (the "Lyft App") that consumers anywhere in the United States can download onto their personal devices to request a ride to their destination. Though it has long touted a commitment to safety, Lyft has known for years that users of the Lyft App were being sexually and physically assaulted by its drivers. The Actions that are the subject of this Motion arise out of sexual assaults committed by Lyft drivers during Lyft rides. Movant is aware of many such cases yet to be filed.

Lyft was founded in 2012. For at least a decade, Lyft has been aware of incidents in which its drivers sexually assaulted its passengers.[3] Lyft has never released publicly the total number of sexual assaults that occur during Lyft rides. However, Lyft carefully tracks reports of sexual assault and categorizes them according to a taxonomy. From 2017 through 2022, Lyft publicly released data on five of the twenty-one categories of sexual assault that it tracks, which demonstrates that hundreds of Lyft users are sexually assaulted each year, among those five

---

https://assets.ctfassets.net/vz6nkkbc6q75/3yrO0aP4mPfTTvyaUZHJfJ/f77d145864edc540aa9f7f e530c6bcec/Safety_Transparency_Report_2020-2022.pdf (last accessed Aug. 28, 2025).

[3] *See, e.g.*, Megan Miller, *Austin Police Investigating Alleged Sex Assaults by Uber, Lyft Drivers* CBS42 (Nov. 14, 2015), https://www.cbs42.com/news/crime/austin-police-investigating-alleged-sex-assaults-by-uber-lyft-drivers/ (describing Lyft's statement in response to report of multiple sexual assaults by Lyft drivers in 2015).

categories of sexual assault.[4] In total, Lyft publicly disclosed 10,519 sexual assault reports involving users of the Lyft app between 2017 and 2022 for just those five categories *alone*.[5] Lyft's numbers are highly suspect. In reports to the California Public Utilities Commission, Lyft identified over 18,000 incidents of assault and harassment in a single year period —notably more than its competitor, Uber.[6] Of those incidents, only 297 resulted in deactivation of the assailant's Lyft Driver account.[7]

The cases against Lyft center on Lyft's deliberate decisions, at the corporate level, to prioritize its growth over the safety of passengers across the nation in the face of a growing sexual assault problem. Plaintiffs in these Actions allege Lyft was aware of the risk of sexual assault but nevertheless failed to appropriately screen and background check drivers; failed to adequately train and supervise drivers; failed to respond to complaints and feedback about sexual misconduct from drivers; failed to implement appropriate design changes to the Lyft App; and failed to adopt standard safety measures such as video and audio surveillance. These Actions involve overlapping legal issues, including common carrier liability, vicarious liability, the scope of Lyft's duty to its

---

[4] Lyft, Inc., Community Safety Report (2017–2019), at 6–7, https://assets.ctfassets.net/q8mvene1wzq4/4jxkFTH5YCQK8T96STULMd/4269e14dbcb8578ff6 4da45df08b8147/Community_Safety_Report.pdf (last accessed Aug. 28, 2025); Lyft Inc., Safety Transparency Report (2020–2022), at 12, https://assets.ctfassets.net/vz6nkkbc6q75/3yrO0aP4mPfTTvyaUZHJfJ/f77d145864edc540aa9f7f e530c6bcec/Safety_Transparency_Report_2020-2022.pdf (last accessed Aug. 28, 2025).

[5] *Id.* This is undoubtedly an undercount. As an initial matter these numbers do not include the remaining sixteen categories of sexual assault for which Lyft tracks reports, but they also do not account for underreporting or delayed reporting—phenomena that have been well-documented in the context of sexual assault. Sarah E. Ullman, et al., *Reasons for and Experiences of Sexual Assault Nondisclosure in a Diverse Community Sample*, 35 J. FAM. VIOLENCE 839, 839–40 (Mar. 4, 2020), https://pmc.ncbi.nlm.nih.gov/articles/PMC7967004/ (last accessed Aug. 28, 2025).

[6] Seth Rosenfield, *California Failed to Consistently Track Ride-Hailing Assault and Harassment Complaints*, SAN FRANCISCO PUBCIC PRESS (Oct. 20, 2021)

[7] *Id.*

passengers; the scope of Lyft's duty to supervise its drivers; products liability; and the impact of Lyft's representations as to safety, and other legal issues common to the Lyft sexual assault cases.

Lyft is not the only rideshare company whose drivers sexually assault its passengers at an alarming rate. In 2023, the Panel centralized cases against Uber Technologies, Inc. and its subsidiaries based on similar questions of law and fact. *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 699 F.Supp.3d 1396, 1398 (JPML Oct. 4, 2023). The Panel held that "[the] actions share complex factual questions arising from allegations that Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result." *Id.* For this reason, the Panel deemed centralization and transfer appropriate because doing so "will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary." *Id.* Here, too, centralization and transfer is appropriate because the Actions share complex factual questions (in fact, many of the same types of questions presented in the Uber MDL) arising from claims that Lyft failed to implement appropriate safety measures to protect passengers from sexual assaults by its drivers, and that passengers were sexually assaulted as a result of these failures. This litigation should receive the same treatment to prevent inconsistent pretrial rulings and duplicative discovery and conserve resources as more cases continue to be filed in federal courts.

Given the overlapping factual and legal issues, judicial coordination will enable one judge to manage these federal cases more effectively and efficiently by, among other things, supervising case-specific and corporate discovery, establishing a bellwether trial process, and issuing consistent rulings across the board on the numerous common legal issues that must be addressed. On the other hand, the alternative— requiring piecemeal litigation of hundreds of trial cases in

4

multiple courtrooms—will inevitably place an undue burden on the courts, the public, and the litigants, and could result in a patchwork of inconsistent results.

## ARGUMENT

### I.    Transfer and Coordination of the Actions is Appropriate and Necessary.

Multidistrict litigation is designed "to 'promote the just and efficient conduct' of 'civil actions involving one or more common questions of fact' that are pending in different districts." *In re Uber Techs. Inc., Passenger Sexual Assault Litig.*, 734 F.Supp.3d 932, 946 (N.D. Cal. 2024) (quoting *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 698–699 (9th Cir. 2011)) (quoting 28 U.S.C. § 1407(a)); *see also In re Atrium Med. Corp. C-Qur Mesh Prods. Liability Litig.*, 223 F.Supp.3d 1355, 1356 (J.P.M.L. 2016) (centralizing actions to "promote the just and efficient conduct of th[e] litigation."). Transfer is appropriate where it will serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Upon receiving a motion to transfer, the Panel analyzes four factors to determine whether transfer will facilitate the convenience of the parties and promote the just and efficient conduct of the transferred case: (1) elimination of duplicative discovery; (2) avoidance of conflicting rulings and schedules; (3) reduction of litigation costs; and (4) conservation of the time and effort of the parties, attorneys, witnesses, and courts. Manual for Complex Litigation (Fourth), § 20.131, at 219.

### 1.    The Actions share common questions of law and fact that merit transfer and consolidation.

Actions may be transferred for coordinated or consolidated pretrial proceedings when they "involve[e] one or more common questions of fact." 28 U.S.C. § 1407(a). There is no prerequisite to transfer that common factual questions represent the complete or even majority of factual issues. *In re Katz Interactive Call Processing Pat. Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007); *see also In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017)

("[I]ndividualized factual issues" do not "negate the efficiencies to be gained by centralization."). Accordingly, the Panel has rejected the proposition that common factual issues must predominate over individual factual issues in cases to be consolidated. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 699 F.Supp.3d 1396, 1398 (J.P.M.L. 2023).

Here, the claims in each of the Actions (and cases Movant anticipates will be filed) all arise out of the same course of conduct by Lyft and share sufficient common factual and legal questions to warrant transfer and centralization. The numerous common questions of law and fact shared by each of the Actions include, but are not limited to:

- Lyft's status as a common carrier;
- The scope of Lyft's duties with respect to its drivers and its passengers;
- Lyft's representations about safety;
- Lyft's knowledge about the prevalence of sexual assault by Lyft drivers;
- Whether Lyft failed to conduct adequate background checks of its drivers;
- Whether Lyft failed to adequately train drivers regarding sexual assault and harassment;
- Whether Lyft failed to implement adequate safety measures to protect passengers from sexual assault, including through policies and product design; and
- Whether Lyft failed to adequately respond to complaints about drivers.

These legal and factual questions cut across each of the related cases. Centralization and consolidation is appropriate in these circumstances. Indeed, Lyft is unfortunately not the only rideshare company with an alarming rate of sexual assaults committed by its drivers against its passengers. Just two years ago, the Panel centralized claims against another rideshare company, Uber Technologies, Inc., which uses a similar business model to Lyft. As a result, the factual questions presented in that litigation are similar to those here. There, the Panel found that many of these same questions of fact—"Uber's knowledge about the prevalence of sexual assault by Uber drivers, and whether Uber failed to conduct adequate background checks of its drivers, train drivers regarding sexual assault and harassment, implement adequate safety measures to protect

passengers from sexual assault, and adequately respond to complaints about drivers"—warranted centralization. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 699 F.Supp.3d at 1398; *see also Uber Techs., Inc. v. United States Jud. Panel on Multidistrict Litig.*, 131 F.4th 661, 670 (9th Cir. 2024) (affirming JPML's conclusion that 'corporate policies and practices as to alleged passenger sexual assaults' present a common factual question").

Given that there are common questions of law and fact that must be resolved in each of the Actions, and that the Panel previously found resolution of many of these same questions warranted centralization, the Panel should centralize the Actions against Lyft.

### 2. Transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the Actions.

Transfer and consolidation of similar actions is appropriate when it would enhance the convenience of the litigation and promote the just and efficient conduct of the actions to be coordinated. *In re: Asbestos Product Liability Litigation (No. VI)*, 560 F.Supp.2d 1367, 1368 (J.P.M.L. 2008). Here, pretrial coordination of the Actions will ease the burdens on the parties and the judicial system. The Actions are in their early stages. To alleviate the parties' burden, stipulations to adjust briefing schedules are or will be requested as more cases are filed. Consolidation will avoid the waste of duplicative discovery and the risk of inconsistent rulings and will result in conservation of judicial and party resources. Taken collectively, these factors establish that the Actions are appropriate for coordination under 28 U.S.C. § 1407.

### a. Transfer will eliminate duplicative discovery.

Pretrial transfer and consolidation will reduce the burden and costs of discovery significantly for both the parties to the Actions and the judiciary. The pending actions share the same basic theories of liability, underlying factual allegations, and injuries, such that all cases will involve the same core discovery, fact witnesses, and general liability and causation experts. MDL

treatment will enable a single court to establish a pretrial plan that will minimize the inconvenience and expense of duplicative discovery. That is precisely the purpose of transfer and coordination under 28 U.S.C. § 1407.

Consolidation also will permit Plaintiffs' counsel to coordinate efforts and share the pretrial workload among the various Plaintiffs' counsel. Instead of different law firms pursuing different litigation strategies and engaging in duplicative discovery and motion practice, a coordinated team of attorneys can pursue the claims in one court, before one judge, preserving Plaintiffs' resources and allowing their attorneys to work together in common to further these cases, and at the same time preserving Defendants' resources by requiring them to defend in only one court, versus numerous courts. The Panel has long endorsed this rationale, noting that "prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of case and a minimum of inconvenience to all concerned." *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.P.M.L. 1984).

Pretrial centralization will also allow Defendants to concentrate their attention and discovery efforts in one federal forum, rather than numerous district courts throughout the country. As a result, Plaintiffs anticipate that Defendants will be able to move quickly and effectively through discovery, enhancing the overall efficiency of the litigation. *See In re Apple iPhone 3G Prod. Liab. Litig.*, 630 F. Supp. 2d 1382, 1383 (J.P.M.L. 2009) (explaining that the MDL process promotes efficiency in the litigation).

### b. Transfer will avoid inconsistent pretrial rulings.

A single centralized and coordinated pretrial plan will also further fairness and efficiency by avoiding inconsistent pretrial rulings. *See In re Levaquin Prods. Liab. Litig.*, 560 F. Supp. 2d

1384, 1385 (J.P.M.L. 2008). There are already 17 related cases pending in 10 district courts involving multiple different Plaintiffs' counsel, with many more to come. Inconsistent rulings are inevitable as these various courts set discovery and trial schedules and tackle individual motions. Transfer and consolidation will avoid this serious risk.

### c.  Transfer will reduce burden on the federal judiciary.

MDL treatment will enable a single court to establish a pretrial plan that will minimize the inconvenience and expenses of litigating numerous cases separately, which is precisely the purpose of transfer and coordination under Section 1407. Transferring the Actions for pretrial coordination will make this litigation far more efficient and convenient for all involved. One court overseeing these actions will allow the judiciary to conserve limited resources. If transfer is denied, however, the Actions and tag-along cases will proceed on independent tracks in at least 11 different courts, requiring duplicative discovery, including repeated depositions of the same corporate personnel and expert witnesses, risking inconsistent rulings and wasting resources.

## II.    The Northern District of California is the Most Suitable Forum for this MDL.

The Actions should be centralized in the United States District Court for the Northern District of California. Once it is determined that centralization is appropriate, the Panel determines the most suitable forum to do so. Manual for Complex Litigation (Fourth), § 22.33, pp. 366–67. In determining the most suitable forum, the Panel considers the following factors: (1) the location of parties, witnesses, and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 931–32 (J.P.M.L. 1980) (discussing factors); *see also* Manual for Complex Litigation (Fourth), § 20.131, pp. 220–21. A forum that satisfies these factors and that already has pending cases is favorable. *Id.* at § 22.33, pp. 366–67. The United States District Court for the Northern District of California satisfies these factors.

9

1. **The Northern District of California is the Location of Most Parties, Witnesses, and Documents.**

The United States District Court for the Northern District of California is the most convenient forum for these Actions, because it is the location of most parties, witnesses, and documents and promotes the interest of state/federal coordination.

First, Defendant Lyft maintains its headquarters in San Francisco, California within the Northern District of California.) It is indisputable that the overwhelming majority of Defendants' documents and witnesses are located in the Northern District of California. Lyft was founded in San Francisco, California and continues to main its headquarters, and the bulk of its workforce there. *In re Lead Contam. Fruit Juice Prods. Mktg. & Sales Practices Litig.*, 777 F.Supp.2d 1353, 1355 (J.P.M.L. 2011) ("this district is the most conveniently located to the headquarters of the … defendants and, therefore, the location of relevant documents and witnesses."). Indeed, Lyft's headquarters is located just two miles (fifteen minutes in traffic) from the San Francisco Courthouse. San Francisco, California at the heart of the Northern District of California, is also where Lyft first began providing rides to passengers—reporting over 61 million rides to the State of California in 2019 to 2020, with tens of millions of these occurring in and around the Bay Area.[8] Transfer to the Northern District of California would serve the convenience of the parties and witnesses because the defendant, along with most of its documents and corporate witnesses, are located within that District.

Second, transfer to the Northern District of California would promote efficient coordination between federal and state actions. In addition to the Actions currently pending in federal court, there are actions currently pending in state court in various jurisdictions, with most

---

[8] San Francisco County Transportation Authority, *TNCs 2020: A Profile of Ride-Hailing in California*, at 32 (April 2023) https://www.sfcta.org/sites/default/files/2023-05/SFCTA_TNCs-2020_FINAL-Report-and-Appendices_2023-05-02.pdf (last accessed Aug. 28, 2025).

state court cases having been filed in the Lyft Judicial Council Coordination (JCCP) in the San

Francisco Superior Court.[9] In determining the most appropriate forum in which to situate an MDL,

the Panel routinely considers the ease of coordinating with state court consolidations located in a

particular forum. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Products Mktg.,*

*Sales Practices & Products Liab. Litig.*, 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015) (considering

ease of coordination with similar proceedings involving the same defendant); *see also In re*

*Paraquat Products Liab. Litig.*, 544 F.Supp.3d 1373, 1374 (J.P.M.L. 2021); (selecting forum

where state court litigation was ongoing and nearing trial); *In re Oil Spill by "Amoco Cadiz" Off*

*Coast of France on March 16, 1978*, 471 F.Supp. 473, 478–79 (J.P.M.L. 1979) ("The possibility

of promoting this state/federal coordination is another factor favoring the selection of the Northern

District of Illinois as the transferee forum."). Thus, transfer to the Northern District of California

would serve the convenience of the Parties by facilitating coordination between the federal Actions

and ongoing JCCP, by enabling the San Francisco Superior Court and state court counsel to work

with one other schedule and court, rather than hundreds of deadlines in different courts.

## 2. The Northern District of California is Accessible.

The United States District Court for the Northern District of California is also easily

accessible. Centered around the San Francisco Bay area, the Northern District of California is a

convenient forum for all parties and witnesses. The Bay Area has multiple large airports and other

convenient modes of transportation. *See In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F. Supp.

---

[9] The Actions involve Plaintiffs who reside outside the state of California and therefore invoke the diversity jurisdiction of the federal courts in which they filed pursuant to 28 U.S.C. §1332. While Plaintiffs counsel can coordinate with Lyft JCCP counsel, there is no mechanism to remand these diverse cases to California state court. As more federal cases are filed against Lyft, coordination with JCCP counsel will become infeasible.

2d 1352, 1355 (J.P.M.L. 2002) (noting the conveniences of a metropolitan area with major airline service, hotel, and office accommodations).

### 3. The Northern District of California is Not Overtaxed and is Adept at Managing MDLs.

The Panel also considers which forum possesses the resources and expertise to manage the pretrial matters the docket is likely to require. *In re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation*, 122 F.Supp.3d 1372, 1374 (J.P.M.L. 2015). The Northern District of California is not overtaxed with MDL cases. At the time of filing this motion, there are 14 active MDLs pending in the District spread among the 24 district judges.[10] Two of those MDLs[11] are mature MDLs, with partial or full settlements having been executed in both. *See In re: Sprint Premium Data Plan Mktg.& Sales Pracs. Litig.*, 777 F.Supp.2d 1349, 1351 (J.P.M.L. 2011) (transferring to the U.S. District Court for the District of New Jersey because it "has a great deal of experience serving as a transferee court" as well as a "manageable MDL docket.").

In addition, the Northern District of California is adept at managing its docket and moving cases efficiently toward resolution. During the twelve-month period ending December 31, 2024, there were 9,275 filed in the Northern District of California and 10,686 cases terminated; as of the end of last year, there were 11,933 cases pending in the District.[12] Courts that effectively manage their dockets are ideal forums for MDLs. *See In re: Sprint Premium Data Plan Mktg.& Sales Pracs. Litig.*, 777 F.Supp.2d at 1351.

---

[10] *See* Active MDLs in the Northern District, https://cand.uscourts.gov/multidistrict_litigation/ (last accessed Aug. 28, 2025).

[11] *In re: Roundup Products Liability Litigation* (MDL 2741) *and In re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (MDL 2913).

[12] Table C-1—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-1 (last accessed Sept, 30, 2025).

**4. The Honorable Charles R. Breyer Should Preside Over this Consolidated Litigation Because He is Uniquely Qualified to Manage a Rideshare Sexual Assault MDL.**

There are numerous judges in the Northern District of California who are qualified to handle this MDL who have presided over past or current complex MDLs. However, Judge Breyer is uniquely qualified to manage this MDL.

In selecting the best transferee forum, the Panel can consider, as an additional important factor, the experience and knowledge of a particular judge. *See, e.g., In re "Factor VIII or IX Concentrate Blood Prods." Prod. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993). Where a particular judge is currently presiding over an MDL involving a similar product, the Panel has held that such a judge is "uniquely situated to preside over the similar claims" in the new MDL. *In re American Med. Systs., Inc. Pelvic Repair Syst. Products Liab. Litig.*, 844 F.Supp.2d 1359, 1360 (JPML 2012) (transferring three MDLs to the Honorable Joseph Goodwin because Judge Goodwin was already presiding over an MDL involving a similar transvaginal mesh product); *see also In re: Disposable Contact Lens Antitrust Litig.*, 109 F.Supp.3d 1369, 1371 (JPML 2015) (transferring litigation to Judge Schlesinger due to his previous MDL experience involving the same industry); *In re: Fluoroquinolone Prods. Liab. Litig.*, 122 F.Supp.3d 1378, 1381 (JPML 2015) (transferring litigation involving Levaquin, Avelox, and Cipro, part of the fluoroquinolone class of medications, to Judge Tunheim because of Judge Tunheim's experience managing a prior Levaquin MDL).

Here, not only has Judge Breyer presided over more than a dozen MDLs during his judicial tenure, but he is "uniquely situated," *id.* to preside over a Lyft MDL because he currently presides over the Uber MDL which involves a similar product (a rideshare app), similar injuries (sexual assault), and similar questions of law and fact. *See supra* § I–III. Indeed, he is the only judge in the country to oversee an MDL involving sexual assault survivors *and* an MDL involving a rideshare company, including the specific legal issues involved, including common carrier

13

liability, duty to supervise rideshare drivers, and the discovery issues involved in sexual assault litigation. In the alternative, one of the other numerous, well-qualified Judges in the Northern District of California should preside over this consolidated litigation.

### III.     In the Alternative, the Western District of Washington is a Suitable Forum for this MDL.

Should the Panel be inclined to centralize the Actions in a District other than the Northern District of California, the Western District of Washington is an appropriate alternative.

First, the Western District of Washington is a convenient forum for these actions because it is the location of multiple parties, witnesses and documents. At least one Action is filed in the Western District of Washington by a plaintiff who resides in Washington and who was assaulted in Seattle, Washington. *See K.T. v. Lyft Inc et al.*, 2:25-cv-01589-DWC ECF 1 ¶ 9 (W.D. Wash. Filed Aug. 20, 2025). In addition, Lyft's secondary headquarters is located within the Western District of Washington, in Seattle.[13] Lyft's Seattle office is its second engineering office outside of San Francisco, where it employs engineers focused on both iOS and Android infrastructure, as well as data scientists and members of its business development team.[14] Thus, witnesses and documents related to key issues in this case including product liability claims, misrepresentations as to safety data, and marketing are likely to be located in the District.[15] *See In re Shale Oil Antitrust Litig.*, 743 F.Supp.3d 1371, 1372 (J.P.M.L. 2024) (centralizing cases in District near Defendant's headquarters).

Second, the Western District of Washington is accessible. There Seattle-Tacoma International Airport, located within the District, offers nonstop flights between Seattle and

---

[13] *See*, Lyt, *Careers*, https://www.lyft.com/careers/life-at-lyft (last accessed Sept. 30, 2025).
[14] Nat Levy, *Lyft Expanding Seattle Presence with New Office Lease as it Battles Ride-Hailing Rival, Uber* (Nov. 6, 2017)   https://www.geekwire.com/2017/lyft-expanding-seattle-presence-new-office-lease-battles-ride-hailing-rival-uber/ (last accessed Sept. 30, 2025).
[15] *Id.*

locations around the country.[16] *See In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (noting that a large metropolitan area with international airport and public transport is an accessible district). Of note, this District is just over two hours, by plane, from Lyft's primary headquarters.

Finally, the Western District of Washington is not overtaxed. During the twelve-month period ending December 31, 2024, there were 3,154 filed in the Western District of Washington and 3,078 cases terminated; as of the end of last year, there were 11,933 2,528 cases pending in the District.[17] There are currently no MDLs pending in the Western District of Washington but the District has historically managed twenty-four MDLs.[18]

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Panel transfer the Actions to the Northern District of California for coordinated or consolidated proceedings under 28 U.S.C. § 1407 before the Honorable Charles R. Breyer. In the alternative, the Panel should transfer the Actions to one of the other numerous, well-qualified judges in the Northern District of California or to the Western District of Washington.

---

[16] *See* Allison Williams, *Every Nonstop Flight from Seattle's Sea-Tac Airport and More* (Sept. 23, 2025) https://www.seattlemet.com/travel-and-outdoors/nonstop-direct-flights-from-sea-seattle-tacoma-international-airport (last accessed Sept. 30, 2025)

[17] Table C-1—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-1 (last accessed Sept, 30, 2025).

[18] *See* JPML, *Multidistrict Litigation Terminated Through September 30, 2023,* https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Fiscal_Year_2023_Terminated_Litigations_Report_0.pdf (last accessed Sept. 30, 2025).

Dated: October 6, 2025

Respectfully submitted,

*/s/ Samantha Hoefs*
**Samantha Hoefs**
Nigh Goldenberg Raso & Vaughn PLLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.445.0202
Facsimile: 202.297.7297
Email: shoefs@nighgoldenberg.com

*Counsel for Plaintiff J.E.*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In re: Lyft, Inc. Passenger Sexual Assault Litigation* | ) <br> ) <br> ) <br> ) |  MDL Docket No. _____ |

**SCHEDULE OF ACTIONS**

| | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1 | **Plaintiff(s):** Tabatha Means <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:24-cv-00177-MMC | Honorable Maxine M. Chesney |
| 2 | **Plaintiff(s):** Laurie Spano <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:24-cv-00799-MMC | Honorable Maxine M. Chesney |
| 3 | **Plaintiff(s):** Maribeth Stencel <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:24-cv-01535-MMC | Honorable Maxine M. Chesney |
| 4 | **Plaintiff(s):** K.T. <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, Washington Western District | 2:25-cv-01589-DWC | Honorable David W. Christel |
| 5 | **Plaintiff(s):** J.E. <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, District of Maryland | 1:25-cv-02786-JRR | Honorable Julie R. Rubin |
| 6 | **Plaintiff(s):** K.S. <br> **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court of North Carolina, Western District | 3:25-cv-00649-FDW-DCK | Honorable Frank D. Whitney |

| 7 | **Plaintiff(s):** Heather Bland **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, Illinois Central District | 2:25-cv-02236-JEH-RLH | Honorable Jonathan E. Hawley |
|---|---|---|---|---|
| 8 | **Plaintiff(s):** A.D., an individual **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, District of Massachusetts | 25-cv-12423 | Honorable Indira Talwani |
| 9 | **Plaintiff(s):** Jane Doe NLG (BJ) **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:25-cv-07369-SK | Magistrate Judge Sallie Kim |
| 10 | **Plaintiff(s):** Doe CM **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:25-07396 | Magistrate Judge Sallie Kim |
| 11 | **Plaintiff(s):** Jane Doe (I.H.) **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:25-cv-07412-SK | Magistrate Judge Sallie Kim |
| 12 | **Plaintiff(s):** Jane Doe (E.J.) **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, Texas Northern District | 3:25-cv-02464-K | Honorable Ed Kinkeade |
| 13 | **Plaintiff(s):** Jane Doe **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, Texas Southern District | 4:25-cv-04346 | Honorable Ewing Werlein, Jr. |
| 14 | **Plaintiff(s):** Jane Doe (S.M.) **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive | U.S. District Court, California Northern District | 3:25-cv-07929-TSH | Magistrate Judge Thomas S. Hixson |
| 15 | **Plaintiff(s):** Jane Doe (R.P.) **Defendant(s):** Lyft, Inc., a Delaware Corporation; and | U.S. District Court, California Northern District | 3:25-cv-07930-AGT | Magistrate Judge Alex G. Tse |

| | DOES 1 through 50, Inclusive | | | |
|---|---|---|---|---|
| 16 | **Plaintiff(s):** J.S. **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1 through 50, Inclusive, Inc. | U.S. District Court, Georgia Northern District | 1:25-cv-05350 | Honorable Steven D. Grimberg |
| 17 | **Plaintiff(s):** CLF L001 **Defendant(s):** Lyft, Inc., a Delaware Corporation; and DOES 1–50, Inclusive | U.S. District Court, New York Southern District | 7:25-cv-08206-JGLC | Honorable Jessica G.L. Clarke |

Dated: October 6, 2025

Respectfully submitted,

/s/ Samantha Hoefs
Samantha Hoefs
**Nigh Goldenberg Raso & Vaughn PLLC**
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.445.0202
Facsimile: 202.297.7297
Email: shoefs@nighgoldenberg.com

*Counsel for Movant J.E.*

### BEFORE THE UNITED STATES JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| *In re: Lyft, Inc. Passenger Sexual Assault Litigation* | ) ) ) ) ) | MDL Docket No. _____ |

### PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by First Class U.S. Mail and/or electronic mail on October 3, 2025 to the following:

### <u>Clerks of Court</u>

Served via First Class mail:

Clerk of Court, United States District Court
Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Clerk of Court, United States District
Court Western District of Washington
Seattle Division
700 Stewart Street, Suite 2310
Seattle, WA 98101

Clerk of Court, United States District
Court District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Clerk of Court, United States District Court
Northern District of Texas
Dallas (Clerk's Office Headquarters)
1100 Commerce Street, Room 1452
Dallas, TX 75242

Clerk of Court, United States District Court,
Western District of North Carolina
Charlotte Division
401 West Trade Street, Room 1200
Charlotte, NC 28202

Clerk of Court, United States District Court
District of Massachusetts
Boston Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Clerk of Court, United States District Court
Central District of Illinois
Peoria Courthouse
305 U.S. Courthouse
100 N.E. Monroe St
Peoria, IL 61602

Clerk of Court, United States District Court
Northern District of Georgia
Atlanta Division
3311 United States Court House

1

Clerk of Court, United States District Court
Southern District of Texas
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, TX 77002

75 Ted Turner Driver, SW
Atlanta, GA 3303-3309

Clerk of Court, United States District Court
Southern District of New York
White Plains
Federal Building & United States Courthouse
300 Quarropas Street
White Plains, New York 10601

## Means v. Lyft, Inc., 4:24-cv-00177-MMC (N.D. Cal.)

Served via electronic mail:

Beth A. Stewart
Williams & Connoly
680 Maine Avenue, S.W.
Washington, DC 20024
Email: bstewart@wc.com

Adam B. Wolf
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: awolf@pwcklegal.com

Warren Melitzky
Conrad Melitzky Kane LLP
217 Leidesdorff Street
San Francisco, CA
wmelitzky@conmetkane.com

Sara Beth Craig
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: scraig@peifferwolf.com

David Randall J. Riskin
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Email: driskin@wc.com

Rachel Beth Abrams
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: rabrams@peifferwolf.com

*Counsel for Defendant Lyft, Inc.*

*Counsel for Plaintiff Tabatha Means*

## Spano v. Lyft, Inc., 3:24-cv-00799-MMC (N.D. Cal.)

Served via electronic mail:

Warren Melitzky
Conrad Melitzky Kane LLP
217 Leidesdorff Street
San Francisco, CA
wmelitzky@conmetkane.com

Rachel Beth Abrams
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: rabrams@peifferwolf.com

Beth A. Stewart

Adam B. Wolf

Williams & Connolly
680 Maine Avenue, S.W.
Washington, DC 20024
Email: bstewart@wc.com

David Randall J. Riskin
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Email: driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: awolf@pwcklegal.com

Sara Beth Craig
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: scraig@peifferwolf.com

*Counsel for Plaintiff Laurie Spano*

## Stencel v. Lyft, Inc., 4:24-cv-01535-MMC (N.D. Cal.)

Served via electronic mail:

Beth A. Stewart
Williams & Connoly
680 Maine Avenue, S.W.
Washington, DC 20024
Email: bstewart@wc.com

David Randall J. Riskin
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Email: driskin@wc.com

Warren Melitzky
Conrad Melitzky Kane LLP
217 Leidesdorff Street
San Francisco, CA
wmelitzky@conmetkane.com

*Counsel for Defendant Lyft, Inc.*

Rachel Beth Abrams
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: rabrams@peifferwolf.com

Sara Beth Craig
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 84111
Email: scraig@peifferwolf.com

*Counsel for Plaintiff Maribeth Stencel*

## K.T. v. Lyft Inc et al, 2:25-cv-01589-DWC (W.D. Wash)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD

Served via electronic mail:

Corrie Johnson Yackulic
CORRIE YACKULIC LAW FIRM PLLC
110 Prefontaine Place South, Suite 304
Seattle, WA 98104

GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Email: corrie@cjylaw.com

Alexandra M. Walsh
ANAPOL WEISS
14 Ridge Square, 3rd Floor
Washington, DC 20016
Email: awalsh@anapolweiss.com

Holly Dolejsi
ANAPOL WEISS
60 South 6th Street, Suite 2800
Minneapolis, MN 55402
Email: hdolejsi@anapolweiss.com

Paige Boldt
ANAPOL WEISS
325 N Saint Paul St, Suite 3100
Dallas, TX 75201
Email: pboldt@anapolweiss.com

*Counsel for Plaintiff K.T.*

## J.E. v. Lyft, Inc. et al., 1:25-cv-027876 (D.Md.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Samantha Hoefs
Nigh Goldenberg Raso & Vaughn PLLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Email: shoefs@nighgoldenberg.com

Amanda Fox Perry
Fox McKenna PLLC
14 Ridge Square NW
Washington, DC 20016
Email: amanda@foxmckenna.com

*Counsel for Plaintiff J.E.*

## K.S. v. Lyft, Inc. et al., 3:35-cv-00649 (W.D.N.C.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.

Served via electronic mail:

Erin Johnson Ruben

1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Lee Segui PLLC
900 W. Morgan Street
Raleigh, NC 27603
Email: eruben@leesegui.com

Alexandra M. Walsh
ANAPOL WEISS
14 Ridge Square, 3rd Floor
Washington, DC 20016
Email: awalsh@anapolweiss.com

Holly Dolejsi
ANAPOL WEISS
60 South 6th Street, Suite 2800
Minneapolis, MN 55402
Email: hdolejsi@anapolweiss.com

Paige Boldt
ANAPOL WEISS
325 N Saint Paul St, Suite 3100
Dallas, TX 75201
Email: pboldt@anapolweiss.com

*Counsel for Plaintiff K.S.*

## Heather Bland v. Lyft, Inc. et al. 2:25-cv-02236-JEH-RLH (C.D. Ill.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Matthew J. Goldstein
Wallace Miller
200 W. Madison St., Suite 3400
Chicago, IL 60606
Email: mjg@wallacemiller.com

Alexandra M. Walsh
ANAPOL WEISS
14 Ridge Square, 3rd Floor
Washington, DC 20016
Email: awalsh@anapolweiss.com

Holly Dolejsi
ANAPOL WEISS
60 South 6th Street, Suite 2800
Minneapolis, MN 55402

Email: hdolejsi@anapolweiss.com

Paige Boldt
ANAPOL WEISS
325 N Saint Paul St, Suite 3100
Dallas, TX 75201
Email: pboldt@anapolweiss.com

*Counsel for Plaintiff Heather Bland*

## A.D., an individual v. Lyft, Inc. et al. 25-cv-12423 (D.Mass.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Kimberly A. Dougherty
Justice Law Collaborative, LLC
210 Washington Street
North Easton, MA 02356
Email: kim@justicelc.com

Kelly A. Guagenty
Justice Law Collaborative, LLC
210 Washington Street
North Easton, MA 02356
Email: kelly@justicelc.com

Eric T. Chaffin
CHAFFIN LUHANA LLP
600 Third Ave, 12th Floor
New York, New York 10016
Email: chaffin@chaffinluahan.com

Roopal P. Luhana
CHAFFIN LUHANA LLP
600 Third Ave, 12th Floor
New York, New York 10016
Email: luhana@chaffinluhana.com

*Counsel for Plaintiff A.D.*

## Doe NLG (B.J.) v. Lyft, Inc. 3:25-cv-07369-SK (N.D.Cal.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.

Served via electronic mail:

John Warren Raggio
Nachawati Law Group

1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Dallas, TX 75231
Email: jraggio@ntrial.com

*Counsel for Plaintiff Jane Doe CM*

**Doe CM v. Lyft, Inc. et al, 3:25-cv-07396-SK (N.D.Cal.)**

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Steve Schulte
5489 Blair Road
Dallas, TX 75231
Email: schulte@ntrial.com

Arati Chauhan Furness
Nachawati Law Group
5489 Blair Road
Dallas, TX 75231
Email: afurness@ntrial.com

John Warren Raggio
Nachawati Law Group
Dallas, TX 75231
Email: jraggio@ntrial.com

*Counsel for Plaintiff Doe CM*

**Doe (I.H.) v. Lyft, Inc. 3:25-cv-07412-SK (ND.Cal.)**

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Arati Chauhan Furness
Nachawati Law Group
5489 Blair Road
Dallas, TX 75231
Email: afurness@ntrial.com

John Warren Raggio
Nachawati Law Group
Dallas, TX 75231
Email: jraggio@ntrial.com

*Counsel for Plaintiff Doe (I.H.)*

### Jane Doe (E.J.) v. Lyft, Inc. 3:25-cv-02464-K (N.D.Tex.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Steven Scott Schulte
Nachawati Law Group
5489 Blair Road
Dallas, TX 75231
Email: asoto@ntrial.com

*Counsel for Plaintiff Jane Doe (E.J.)*

### Doe v. Lyft, Inc. et al., 4:25-cv-04346 (S.D.Tex.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

James Andrew Holcomb
Reich & Binstock LLP
4265 San Felipe
Suite 100
Houston, TX 77027
Email: aholcomb@reichandbinstock.com

*Counsel for Plaintiff Jane Doe*

### Doe (S.M.) v. Lyft, Inc. 3:25-cv-07929-TSH (N.D. Cal.)

Served via First Class Mail (counsel has not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Conor Roe Nideffer
Law Office of Conor R. Nideffer
600 W. Broadway #700
San Diego, CA 92101
Email: conor@nidefferlaw.com

*Counsel for Plaintiff Doe (S.M.)*

### Doe (R.P.) v. Lyft, Inc. 3:25-cv-07930-AGT

Served via First Class Mail (counsel has
not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Conor Roe Nideffer
Law Office of Conor R. Nideffer
600 W. Broadway #700
San Diego, CA 92101
Email: conor@nidefferlaw.com

*Counsel for Plaintiff Doe (R.P..)*

## J.S. v. Lyft, Inc. et al. 1:25-cv-05350-SDG (N.D. Ga.)

Served via First Class Mail (counsel has
not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Caroline McGlamry
POPE MCGLAMRY
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Email: carolinemcglamry@pmkm.com

Courtney Mohammadi
POPE MCGLAMRY
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Email: courtneymohammadi@pmkm.com

*Counsel for Plaintiff J.S.*

## CLF L001 v. Lyft, 7:25-cv-08206 (S.D.N.Y.)

Served via First Class Mail (counsel has
not yet appeared):

Lyft, Inc.
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD
GLENDALE, CA

*Counsel for Defendant Lyft, Inc.*

Served via electronic mail:

Ryan Clarkson
CLARKSON LAW FIRM PC
22525 Pacific Coast Highway
Malibu, CA 90265
Email: rclarkson@clarksonlawfirm.com

Dated: October 6, 2025

Respectfully submitted,

*/s/ Samantha Hoefs*
**Samantha Hoefs**
Nigh Goldenberg Raso & Vaughn PLLC
60 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.445.0202
Facsimile: 202.297.7297
Email: shoefs@nighgoldenberg.com

*Counsel for Movant J.E.*